Argued and submitted January 27, affirmed April 20, petition for review denied June 21, 1994 (319 Or 273)

# MICHAEL L. CATLIN,
*Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A78321)

873 P2d 368

Sally L. Avera, Public Defender, argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

RIGGS, J.

## RIGGS, J.

Petitioner, an inmate, seeks review of an order in which the Board of Parole and Post-Prison Supervision (Board) refused to advance his original release date. We affirm.

In April, 1990, petitioner was convicted of manslaughter in the first degree and forgery in the first degree. The trial court imposed a 20-year sentence, with a 10-year minimum for manslaughter and a five-year minimum for forgery. In October, 1990, the Board sustained the minimum prison term imposed by the trial court and set petitioner's release date as July 10, 1999, following completion of a 120-month prison term.

In 1992, the Board convened a hearing to determine if the initial release date should be advanced pursuant to ORS 144.122(1).[1] Two of the three voting Board members were present at the hearing, and they voted not to advance petitioner's release date. The third member reviewed the material presented at the hearing, and recommended that petitioner's release date be advanced seven months. The Board's order states:

"A POSITIVE RECOMMENDATION FROM THE INSTITUTION FOR A REDUCTION FOR THE PERIOD UNDER REVIEW PURSUANT TO OAR 255-40-025(1) HAS BEEN RECEIVED AND IS DATED 06/23/1992. BOARD CONSIDERED INMATE'S BEHAVIOR OVER THE FIRST 3 YEARS UNDER REVIEW (07/1989 TO 7/1992) AND DECIDED ON NO REDUCTION DUE TO THE SERIOUSNESS OF THE OFFENSE; THEREFORE, NO CHANGE IN RELEASE DATE OF 07/10/1999 FOLLOWING 120 MONTHS."

Petitioner first argues that the Board's decision to uphold the judicial minimum and deny any advancement of petitioner's release date was not lawfully made, because only two members were present at the hearing. Petitioner asserts that ORS 144.054 requires the full Board to be present at any

---

[1] ORS 144.122(1) provides, in part:

"After the initial parole release date has been set under ORS 144.120 and after a minimum period of time established by the board under subsection (2)(a) of this section, the prisoner may request that the parole release date be reset to an earlier date."

Board decision affecting a person convicted of a crime involving the death of a victim. ORS 144.054 provides:

"a decision affecting [people convicted of crimes involving the death of victims] must be *reviewed* by the full membership of the board." (Emphasis supplied.)

Petitioner makes two arguments. Their logical relationship is uncertain. He first states that ORS 144.054

"does not expressly indicate that review must be through participation in the hearing itself, or may be made in a subsequent independent review of the hearing record."

Petitioner does not explain why we should interpret the term "review" to mean "participation in a hearing." It is clear from the statutory plan that a "review" and a "hearing" are separate events. For instance, ORS 144.035(3)(b) provides that, if a hearing is conducted by a one-person panel, another member of the panel shall vote after review of the record.

Petitioner next argues that,

"for the hearing process to be meaningful and credible, all voting members of the Board must be present in cases arising under ORS 144.054. Collegial exchange between Board members and an opportunity for each member to question petitioner and others are key in arriving at a just result."

Those sentiments should be addressed to the legislature, which provided for hearings conducted by one, two or three members.[2] The hearing on petitioner's request to advance his release date was not unlawful because only two members attended.

Finally, petitioner contends that the Board violated the requirement of ORS 144.135 that the Board give "detailed bases" of its decisions, including those made under ORS 144.122. He suggests that *Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987), was wrongly decided and should not be followed. That argument is more properly made to the Supreme Court.

Affirmed.

---

[2] ORS 144.035 provides, in part:

"(1) In hearings conducted by the State Board of Parole and Post-Prison Supervision, the board may sit together or in panels.

"(2) Panels may consist of one or two board members * * *."